## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| **COLONY INSURANCE** | * | |
| **COMPANY,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **vs.** | * | **Case No. 2:07-cv-680-MEF** |
| | * | |
| **BIG TIME "WINGS" SPORTS** | * | |
| **GRILL, INC., d/b/a BIGTIME** | * | |
| **WINGZ SPORTS GRILL,** *et al.***,** | * | |
| | * | |
| **Defendants.** | * | |

## MOTION FOR SUMMARY JUDGMENT
## BY COLONY INSURANCE COMPANY

COMES NOW Plaintiff, Colony Insurance Company (hereinafter "Colony"), and, pursuant to Fed. R.Civ. P. 56, moves this Court to enter summary judgment in its favor, and states as the basis therefore that there is no genuine dispute of material fact, and Colony is entitled to judgment in its favor as a matter of law. A supporting memorandum of law, with attached evidentiary exhibits, is attached hereto and incorporated herein by reference.

WHEREFORE, Colony Insurance Company requests that this Court enter summary judgment in its behalf in the above-styled case.

Respectfully submitted this 10th day of March 2008.

*/s/ Bethany L. Bolger_____*
Robert A. Huffaker
Bethany L. Bolger
Attorneys for Plaintiff,
Colony Insurance Company

RUSHTON, STAKELY, JOHNSTON & GARRETT, P.A.
184 Commerce Street
Post Office Box 270
Montgomery, Alabama   36101-0270

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of March 2008, I served a copy of the foregoing upon the following counsel of record by placing a copy of the same in the United States Mail, postage prepaid and properly addressed upon the following:

Algert S. Agricola
RYALS, PLUMMER, DONALDSON, AGRICOLA & SMITH, P.C.
60 Commerce Street, Suite 1400
Montgomery, Alabama  36104

Jock Michael Smith
Valerie Rucker Russell
COCHRAN, CHERRY, GIVENS & SMITH
P.O. Box 830419
Tuskegee, Alabama   36083

Stephen Brock
212 Airport Road
Clanton, Alabama  35045

*/s/ Bethany L. Bolger_____*
OF COUNSEL

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **COLONY INSURANCE** | * | |
| **COMPANY,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **vs.** | * | **Case No. 2:07-cv-680-MEF** |
| | * | |
| **BIG TIME "WINGS" SPORTS** | * | |
| **GRILL, INC., d/b/a BIGTIME** | * | |
| **WINGZ SPORTS GRILL,** *et al.*, | * | |
| | * | |
| **Defendants.** | * | |

**MEMORANDUM OF LAW IN SUPPORT OF**
**COLONY INSURANCE COMPANY'S**
**MOTION FOR SUMMARY JUDGMENT**

**A. Statement of Uncontested Material Facts**

Colony Insurance Company (hereinafter "Colony") is an insurance company organized under the laws of the State of Virginia and maintaining its principal place of business in Virginia. (Doc. 1.) Defendant Big Time "Wings" Sports Grill, Inc. d/b/a Bigtime Wingz Sports Grill (hereinafter "Big Time") is a corporation incorporated under the laws of the State of Alabama and maintaining its principal place of business in Alabama. *Id*. Big Time was dissolved on or about April 12, 2006. *Id*. Defendant Stephen Brock (hereinafter "Brock") is a resident of Chilton County, Alabama, and is a citizen of the State of Alabama. *Id*. Defendant Charles W. Goggins (hereinafter "Goggins") is a resident of Chilton

County, Alabama, and is a citizen of the State of Alabama. *Id*. Defendant Carlos A. Ortega, Jr., (hereinafter "Ortega") is a resident of Autauga County, Alabama, and is a citizen of the State of Alabama. *Id*.

## 1.  The Underlying Action

Ortega is the plaintiff, and Brock, Big Time, and Goggins are defendants, in an action pending in the United States District Court for the Middle District of Alabama styled *Carlos A. Ortega, Jr. v. Stephen Brock, et al.*, Case No. 2:07-cv-368-MHT (hereinafter the "Underlying Lawsuit," the Complaint for which is attached as Exhibit 1 to Colony's Complaint for Declaratory Judgment (Doc. 1); *see also* Amended Complaint, attached hereto as Exhibit A.).

Ortega alleges in the Underlying Lawsuit that he was subjected to personal injury through assault and battery, and he seeks damages for injuries to his body; medical bills and other financial losses; embarrassment and humiliation; pain and suffering; and mental anguish and emotional distress. *Id*.  Ortega seeks damages against Brock, Big Time, and Goggins based upon events occurring on or about May 1, 2002, at the Big Time Wings Sports Grill in Clanton, Alabama. *Id*.  Ortega alleges in the Underlying Lawsuit that on such occasion Ortega was unlawfully arrested, subjected to excessive force, and was subjected to assault and battery. *Id*. The Complaint (as Amended) in the Underlying Lawsuit contains causes of action for: Count One - Fourth Amendment Excessive Force Claim Against Brock; Count

Two - Fourth Amendment Violation for Unreasonable Seizure Against Brock;

Count Three - Assault; Count Four (misnumbered) - Battery.  *Id.* Ortega's

Amended Complaint states in pertinent part:

FACTS

5.    On May 1, 2002 at approximately 1:00 a.m.
      Plaintiff and Marci Patterson were at the Bigtime
      Wings Bar and Grill in Clanton, Alabama. The two
      were speaking with two other patrons, one of whom
      was wearing a police T-shirt. The owner of Bigtime
      Wings demanded that the patron remove it. Brock,
      who was in uniform, also demanded that the patron
      take off the T-shirt and further added that the patron
      was committing the crime of impersonating a police
      officer. Brock threatened to arrest the patron.
      Plaintiff offered to take the T-shirt outside for the
      patron. Suddenly and without warning, Brock began
      to assault Plaintiff by choking him and dragging
      him outside the bar.  Plaintiff was then thrown on
      the concrete.

6.    At all relevant times Brock was duly appointed and
      acting as a Sheriff's Deputy for the Chilton County
      Sheriff's Department. As such, Deputy Brock was
      duly appointed to enforce the laws of Alabama and
      was so acting under color of law of the State of
      Alabama.

7.    At all times mentioned herein, Deputy Brock was
      an agent and/or employee of Chilton County,
      Alabama and was acting within the course and
      scope of said agency and/or employment. In
      addition, Goggins and Bigtime Wings are liable for
      the state court causes of action against Brock under
      theories of respondeat superior. Plaintiff alleges that
      Goggins authorized or ratified that [*sic*] wrongful
      actions of Brock. Goggins was present at the scene.

Goggins heard Brock verbally confront the patron with the police T-shirt. He allowed Brock to handle the situation by forcing the patron to remove the shirt and by threatening to remove the patron from the bar. In essence, Goggins allowed Brock to act as a bouncer for the bar, in the presence of Goggins, and did nothing to stop Brock or dispel the reasonable belief, created by Goggins, in the mind of the Plaintiff that Brock was acting as an agent of Goggins and the bar.

…

COUNT THREE
ASSAULT

17.  Plaintiff re-alleges and incorporates the allegations in the aforementioned paragraphs as if fully set forth herein.

18.  Brock committed the tort of assault upon the Plaintiff through his intentional attempts to do harm to the Plaintiffs [*sic*].

19.  As a direct and proximate consequence of said assault Plaintiff was injured as described above.

…

COUNT EIGHT[1]
BATTERY

20.  Plaintiff re-alleges and incorporates the allegations in the aforementioned paragraphs as if fully set forth herein.

---

[1] This Count was misnumbered in both the Original Complaint and the Amended Complaint.  It should be numbered as Count Four.

21.  Brock made intentional, unlawful, and harmful physical contact with Plaintiff.

22.  Brock intended the actions that led to the physical contact with the Plaintiff.

Ex. A, p. 2-5.

## 2.  The Colony Policy

Colony issued to Big Time a policy of insurance containing Commercial General Liability Coverage and Commercial Property Coverage with a policy period from June 30, 2004, to June 30, 2005, Policy No. MP3197583 (hereinafter the "Colony Policy") (Doc. 1, Ex. 2).  The commercial general liability coverage form used for this policy contains three types of coverages: Coverage A provides coverage for bodily injury and property damage liability; Coverage B provides coverage for personal and advertising injury liability; and Coverage C provides coverage for medical payments.  *Id.*

The Coverage A of the commercial general liability coverage provides that Colony will "pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies." *Id.* In addition to this duty to indemnify, the commercial general liability coverage also sets forth Colony's duty to defend Big Time. The policy states in pertinent part:

> We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we

> will have no duty to defend the insured against any "suit"
> seeking damages for "bodily injury" or "property
> damage" to which this insurance does not apply.

*Id*.

These general contractual duties are limited by various terms in the policy not relevant to the issues presented in this action. This suit turns on the interpretation of an exclusion to the coverage contained in an endorsement to the policy which, by its plain terms, adds an Assault and Battery exclusion to the listed exclusions from coverage under Coverage A - the bodily injury and property damage liability coverage. The Assault and Battery Exclusion states:

> This endorsement modifies insurance provided under the following:
>
> COMMERCIAL GENERAL LIABILITY COVERAGE PART
>
> **SECTION 1 - COVERAGES, COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY, 2. Exclusions** and **SECTION 1 - COVERAGES, COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY, 2. Exclusions** is amended and the following added:
>
> **Assault and Battery**
>
> This insurance does not apply to damages or expenses due to "bodily injury", "property damage" or "personal and advertising injury" arising out of or resulting from:
>
> (1)    Assault and Battery committed by any person;

(2)     The failure to suppress or prevent assault and battery by any person;

(3)     The failure to provide an environment safe from assault and battery or failure to warn of the dangers of the environment which could contribute to assault and battery;

(4)     The negligent hiring, supervision, or training of any person;

(5)     The use of any force to protect persons or property whether or not the "bodily injury" or "property damage" was intended from the standpoint of the insured or committed by or at the direction of the insured.

ALL OTHER TERMS AND CONDITIONS OF THE POLICY REMAIN UNCHANGED.

*Id*.

The Coverage C of the commercial general liability coverage provides that Colony will:

pay medical expenses as described below for "bodily injury" caused by an accident:

**(1)** On premises [the insured] own[s] or rent[s];

**(2)** On ways next to premises [the insured] own[s] or rent[s]; or

**(3)** Because of [the insured's] operations;

provided that:

**(1)** The accident takes place in the "coverage territory" and during the policy period;

**(2)** The expenses are incurred and reported to [Colony] within one year of the date of the accident; and

**(3)** The injured person submits to examination at [Colony's] expense, by physicians of [Colony's] choice as often as [Colony] reasonably require[s].

*Id*.

The coverage for medical payments set forth in Coverage C is subject to certain exclusions set forth in the policy. Most of these exclusions are not relevant to the issues before this Court. The pertinent exclusionary language for purposes of this suit is the language that states that Colony "will not pay expenses for 'bodily injury' … **g. Coverage A Exclusions** Excluded under Coverage **A**." *Id*.

## B. <u>Standard of Review</u>

The legal standard for summary judgment is well-settled and well-known to the Court.  Summary judgment is appropriate if this Court finds that there exists no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Anderson* v. *Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986); *Celotex Corp.* v. *Catrett,* 477 U.S. 317, 322 (1986); *Turnes* v. *AmSouth Bank, NA.,* 36 F.3d 1057, 1061 (11th Cir. 1994). A dispute of fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson* v. *Liberty Lobby, Inc.,* 477 U.S. at 248; *Allen v. Tyson Foods, Inc.,* 121 F.3d 642, 646 (11th Cir. 1997). An issue is "material" if it

might affect the outcome of the case under governing law. *Redwing Carriers, Inc. v. Saraland Apartments,* 94 F.3d 1489, 1496 (11th Cir. 1996).

The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex,* 477 U.S. at 323. The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing the non-moving party has failed to present evidence in support of some element of the case on which it bears the ultimate burden of proof. *Celotex,* 477 U.S. at 322-23.

Once the moving party has met its burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" To avoid summary judgment, the moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electrical Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986). If the non-movant's response consists of nothing more than conclusory allegations, the Court must enter summary judgment for the movant. *Peppers v. Coates,* 887 F.2d 1493 (11th Cir. 1989).

On a motion for summary judgment, the Court is to construe the evidence and factual inferences arising therefrom in the light most favorable to the non-movant. *Adickes* v. *S.H Kress &Co.,* 398 U.S. 144 (1970); *Mize v. Jefferson City Board of Education,* 93 F.3d 739, 742 (11th Cir. 1996).

## C. <u>Argument</u>

Colony avers that there is no coverage under the Colony Policy because the claims in the Underlying Lawsuit come within the exclusions of the policy and more specifically the Assault and Battery exclusion. Ortega's claim in the Underlying Lawsuit arises out of an altercation between himself and Defendant Stephen Brock occurring on Big Time's premises. The two counts against Big Time in the Underlying Lawsuit are state-law claims for assault and battery and are asserted under a theory of *respondeat superior.*[2] The complaint contains two additional claims, both of which are Fourth Amendment claims, but are made only against Defendant Brock.

An insurance company's duty to defend its insured from suit is determined by the language of the insurance policy and the allegations in the complaint filed against the insured. *Alfa Mutual Ins. Co. v. Morrison*, 613 So. 2d 381 (Ala. 1993).[3]

---

[2] The claims against Charles Goggins are made in his capacity as owner of Big Time. *See* Ex. A, p. 1-2, ¶4.

[3] Because the Court has jurisdiction in this case based on diversity of citizenship, the Court must apply the substantive law of the forum state – in this instance, Alabama. *See Gasperini v. Center of Humanities, Inc.*, 518 U.S. 415, 427 (1996).

The alleged claims in this case are not covered under the Colony Policy based on the Assault and Battery Endorsement.

As stated above, the two claims against the insured (Big Time) are assault and battery.  As for damages, the complaint alleges that the Plaintiff suffered injuries to his body; medical bills and other financial losses; embarrassment and humiliation; pain and suffering; and mental anguish and emotional distress.  Under the policy, "bodily injury" means "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time."  (Doc. 1, Ex. 2.)

The policy, which states that it does not apply to damages or expenses due to "Assault and Battery committed by any person," excludes coverage in the Underlying Lawsuit.  Insurance companies are entitled to have their policy contract enforced as written.  *See Gregory v. Western World Ins. Co.*, 481 So. 2d 878 (Ala. 1985).  In the absence of a statutory provision to the contrary, insurers have the right to limit their liability by writing policies with narrow coverage.  If there is no ambiguity, courts must enforce insurance contracts as written and cannot defeat express provisions in a policy, including exclusions from coverage, by making a new contract for the parties.  *See Porterfield v. Audubon Indemnity Co.*, 856 So. 2d 789 (Ala. 2002).

In *Colony Ins. Co. v. Griffin*, No. 3:06-cv-555-MEF, 2007 U.S. Dist. LEXIS 86783 (M.D. Ala. Nov. 26, 2007), this Court held that Colony had no duty to

defend its insured, a social club, because the claims in the underlying action were predicated on events to which the policy's assault and battery exclusion applied. Griffin asserted a state claim of assault and battery against the insured for bodily injury damages he sustained when he was struck by a bullet at the social club as a result of the discharge of a firearm by a third party. *See id.* at \*31-32. The Court held that "a person of ordinary intelligence would reasonably and necessarily read the Assault and Battery exclusion to apply [to the state law claims of assault and battery in the underlying action]." *Id.* The policy in *Griffin* (including the assault and battery exclusion) is identical to the one at issue in the case at bar. *Id.* at \*22-23.

In *Western World*, *supra*, the insurer filed a declaratory judgment action alleging that it did not owe a duty to defend or indemnify its insured, a bar/lounge, in an underlying case involving an assault by a patron at the insured's premises. *See Western World, supra,* 481 So. 2d at 878-79. The insurer relied on both a dram shop act exclusion and an assault and battery exclusion contained in the policy. *See id.* at 881. The Court held that it was undisputed that the bodily injury in question was an injury arising out of assault and battery and that the policy exclusion was therefore applicable. *See id.* Specifically, the Court stated:

> The relevant exclusion explicitly states that "the insurance does not apply to bodily injury . . . arising out of assault and battery . . . whether caused by or at the

> instigation or direction of . . . patrons or any other person."
>
> That is, if the claimed injury arises out of an assault and battery caused by a patron, insurance coverage is excluded. … The effect of the assault and battery exclusion, clear in itself, does no more than the other exclusions agreed to by the insured; limiting the company's coverage to those remaining instances of injury arising out of "the selling, serving or giving of any alcoholic beverage at or from the insured premises."
>
> It is not disputed that the bodily injury in question here was injury "arising out of assault and battery." The exclusion, therefore, being applicable, the trial court was correct in granting summary judgment for the plaintiff.

*Id.*; *cf. Acceptance Insurance Co. v. Brown*, 832 So. 2d 1 (Ala. 2001) (distinguishing *Western World* because "[u]nlike the complaint in *Western World*, [plaintiff in underlying action's] complaint did not allege that [his] injuries arose from an assault and battery; instead, he claimed damages arising from alleged negligence and wantonness on the part of the [insureds]").

The assault and battery exclusion in this case is identical or otherwise indistinguishable from the ones at issue in *Griffin* and *Western World*. Moreover, the basis for the claims against the insureds in all of these cases (*i.e.*, assault and battery) is essentially the same. Accordingly, Colony has no duty to defend or indemnify in the Underlying Lawsuit.

It is well settled that an insurer's duty to defend is greater than its duty to indemnify. *See Porterfield*, *supra*, 856 So. 2d at 791; *Blackburn v. Fidelity &*

*Deposit Co.*, 667 So. 2d 661 (Ala. 1995); *Universal Underwriters Ins. Co. v. Youngblood*, 549 So. 2d 76 (Ala. 1989); *Employers Mut. Cas. Co. v. Evans*, 76 F. Supp. 2d 1257 (N.D. Ala. 1999). The Colony Policy specifically excludes coverage for damages or expenses due to "Assault and Battery committed by any person." Thus, there is neither a duty to defend nor a duty to indemnify in this case. *See Alfa Specialty Ins. Co. v. Jennings*, 906 So.2d 195 (Ala. Civ. App. 2005) (an insurer does not have a duty to defend or indemnify when the complaint shows either the non-existence of coverage or the applicability of a policy exclusion); *Horace Mann Ins. Co. v. Fore*, 785 F. Supp. 947 (M.D. Ala. 1992) (holding insurer had no duty to defend or indemnify for acts excluded from coverage under the policy); *see also W. World Ins. Co. v. Resurrection Catholic Mission of the South, Inc.*, No. 2:05-cv-327-ID, 2006 U.S. Dist. LEXIS 51119 (M.D. Ala. July 2006) (holding insurer had no duty to defend or indemnify as to some claims, but, as to claims where there was duty to defend, issue of indemnification was not ripe); *Atl. Cas. Ins. Co. v. GMC Concrete Co., Inc*., No. 07-0563-WS-B, 2007 U.S. Dist. LEXIS 90428 (S.D. Ala. Dec. 7, 2007) ("a determination that there is no duty to defend may well determine the duty to indemnify issue").

For these reasons, Colony requests that the Court grant its Motion for Summary Judgment and specifically declare that there is no coverage under the

Colony Policy requiring Colony to defend or indemnify the Defendants Big Time,

Brock, and Goggins for the acts or claims made in the Underlying Lawsuit.

> /s/ Bethany L. Bolger_____
> Robert A. Huffaker
> Bethany L. Bolger
> Attorneys for Plaintiff
> Colony Insurance Company

RUSHTON, STAKELY, JOHNSTON & GARRETT, P.A.
184 Commerce Street
Post Office Box 270
Montgomery, Alabama   36101-0270

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 10th day of March 2008, I served a copy of the foregoing upon the following counsel of record by placing a copy of the same in the United States Mail, postage prepaid and properly addressed upon the following:

Algert S. Agricola
RYALS, PLUMMER, DONALDSON, AGRICOLA & SMITH, P.C.
60 Commerce Street, Suite 1400
Montgomery, Alabama  36104

Jock Michael Smith
Valerie Rucker Russell
COCHRAN, CHERRY, GIVENS & SMITH
P.O. Box 830419
Tuskegee, Alabama   36083

Stephen Brock
212 Airport Road
Clanton, Alabama  35045

> /s/ Bethany L. Bolger_____
> OF COUNSEL

# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

Carlos A. Ortega, Jr.,         )
                                   )
      Plaintiff,           )
                                   )
vs.                           )    **Case No. 2:07 CV-368-MHT**
                                 )
Stephen Brock;  Big Time "Wings"  )
Sports Grill, Inc.; Charles W. Goggins  )
                                 )
      Defendants.       )

**EXHIBIT A**

---

## AMENDED COMPLAINT

Plaintiff, by and through his undersigned counsel of record hereby complains as follows:

### JURISDICTION

1.    This Honorable Court has jurisdiction of this cause of action pursuant 42 U.S.C. §1983 and §1988, 28 U.S.C. §1331 and §1343(a)(3) and (4), and the Fourth and Fourteenth Amendment to the United States Constitution.  Plaintiff requests that this Honorable Court accept pendent jurisdiction of any and all claims arising out of state law.

### PARTIES

2.    Carlos A. Ortega, Jr. is over the age of 19 years and is a resident of Autauga County, Alabama.  He will hereinafter be referred to as "Plaintiff."

3.    County Deputy Stephen Brock is an officer of the  Chilton County Sheriff's Department and is named as a Defendant in both his official and individual capacity.

4.    Big Time "Wings" Sports Grill, Inc. is an Alabama corporation doing business in Chilton County, Alabama.  Charles Goggins is the owner of Big Time "Wings" Sports Grill, Inc. At all times, Brock was acting as an agent of the Chilton County Sheriff, Big Time "Wings" Sports

Grill, Inc., and Goggins and was acting as an agent and/or employee of Bigtime Wings Sports Bar and/or Goggins and was acting within the course and scope of said agency and/or employment.

## **FACTS**

5.    On May 1, 2002 at approximately 1:00 a.m. Plaintiff and Marci Patterson were at the Bigtime Wings Bar and Grill in Clanton, Alabama. The two were speaking with two other patrons, one of whom was wearing a police T-shirt. The owner of Bigtime Wings demanded that the patron remove it. Brock, who was in uniform, also demanded that the patron take off the T-shirt and further added that the patron was committing the crime of impersonating a police officer. Brock threatened to arrest the patron. Plaintiff offered to take the T-shirt outside for the patron. Suddenly and without warning, Brock began to assault Plaintiff by choking him and dragging him outside the bar. Plaintiff was then thrown on the concrete.

6.    At all relevant times Brock was duly appointed and acting as a Sheriff's Deputy for the Chilton County Sheriff's Department. As such, Deputy Brock was duly appointed to enforce the laws of Alabama and was so acting under color of law of the State of Alabama.

7.    At all times mentioned herein, Deputy Brock was an agent and/or employee of Chilton County, Alabama and was acting within the course and scope of said agency and/or employment. In addition, Goggins and Bigtime Wings are liable for the state court causes of action against Brock under theories of respondeat superior. Plaintiff alleges that Goggins authorized or ratified that wrongful actions of Brock. Goggins was present at the scene. Goggins heard Brock verbally confront the patron with the police T-shirt. He allowed Brock to handle the situation by forcing the patron to remove the shirt and by threatening to remove the patron from the bar. In essence, Goggins allowed Brock to act as a bouncer for the bar, in the presence of Goggins, and did

nothing to stop Brock or dispel the reasonable belief, created by Goggins, in the mind of the Plaintiff that Brock was acting as an agent of Goggins and the bar.

8.    Based on the totality of the circumstances at the time of the incident, Brock unlawfully arrested Plaintiff and used excessive force on the Plaintiff.

9.    As a direct and proximate consequence of Brock's actions, Plaintiff was injured as follows:

      a.    Suffered injuries to his body;

      b.    Medical bills and other financial losses;

      c.    Embarrassment and humiliation;

      d.    Pain and suffering; and

      e.    Mental anguish and emotional distress.

### COUNT ONE
### 42 U.S.C. §1983
### FOURTH AMENDMENT EXCESSIVE FORCE CLAIM
### AGAINST BROCK

10.    Plaintiff adopts and incorporates by reference the allegations in the aforementioned paragraphs as if fully set forth herein.

11.    Brock, acting in his official capacity and under color of state law and with intent wrongfully injured Plaintiff and in doing so violated the Fourth Amendment to the Constitution of the United States.

12.    The actions of Brock, in using excessive force, were objectively and subjectively unreasonable and constituted a violation of the clearly established laws on the use of excessive force. Furthermore, Brock lacked a reasonable basis for assuming that Plaintiff had committed a crime warranting the use of force.

13.     As a direct and proximate consequence of Brock's actions, Plaintiff was injured as stated above.

WHEREFORE, Plaintiff seeks compensatory damages and punitive damages against Brock in an amount to be determined by the jury above the jurisdictional amount, plus costs and other relief to which Plaintiff is entitled by law.

## COUNT TWO
## FOURTH AMENDMENT VIOLATION FOR UNREASONABLE SEIZURE AGAINST BROCK

14.     The Plaintiff re-alleges and incorporates the allegations in the aforementioned paragraphs as if fully set forth herein.

15.     The foregoing facts as alleged violated the Plaintiff's right under the Fourth Amendment to be secure in his person from unreasonably seizures.

16.     As a direct and proximate consequence of such violation, Plaintiff was injured as stated above.

WHEREFORE, Plaintiff seeks compensatory damages and punitive damages against Brock in an amount to be determined by the jury above the jurisdictional amount, plus costs and other relief to which plaintiff is entitled by law.

## COUNT THREE
## ASSAULT

17.     Plaintiff re-alleges and incorporates the allegations in the aforementioned paragraphs as if fully set forth herein.

18.    Brock  committed the tort of assault upon the Plaintiff through his intentional attempts to do harm to the Plaintiffs.

19.    As a direct and proximate consequence of said assault Plaintiff was injured as described above.

WHEREFORE, Plaintiff seeks compensatory damages and punitive damages against the Defendants, jointly and severally, in an amount to be determined by the jury above the jurisdictional amount, plus costs and other relief to which plaintiff is entitled by law.

### COUNT EIGHT

### BATTERY

20.    Plaintiff re-alleges and incorporates the allegations in the aforementioned paragraphs as if fully set forth herein.

21.    Brock  made intentional, unlawful, and harmful physical contact with Plaintiff.

22.    Brock intended the actions that led to the physical contact with the Plaintiff.

WHEREFORE, Plaintiff seeks compensatory damages and punitive damages against the Defendants, jointly and severally, in an amount to be determined by the jury above the jurisdictional amount, plus costs and other relief to which plaintiff is entitled by law.

### JURY TRIAL DEMAND

The plaintiff demands a trial by jury as to all claims and issues for which a jury trial is available.

Dated this 12th day of June, 2007.

Respectfully submitted,


 /s/ Brian Strength
JOCK SMITH
BRIAN STRENGTH


OF COUNSEL:
COCHRAN, CHERRY, GIVENS & SMITH
P.O. Box 830419
Tuskegee, Al 36083
(334) 727-0060
Fax (334) 727-7197


## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon counsel listed below by electronic notification, on this the 12th day of June, 2007.

Amy Hayes Naylor
P.O. Box 470
Clanton, AL 35046

Charles N. Parnell, III
Parnell & Crum, P.A.
P.O. Box 2189
Montgomery, AL 36102-2189

Algert Swanson Agricola, Jr.
Slaten & O'Connor, P.C.
P.O. Box 1110
Montgomery, Alabama 36101

Emily C. Marks
BALL, BALL, MATTHEWS & NOVAK, P.A.
2000 Interstate Park Drive
Suite 204
Montgomery, AL 36109


/s/ Brian P. Strength
OF COUNSEL